**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**1** Valuation of Security        **0** Assumption of Executory Contract or Unexpired Lease        **0** Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Lincoln White**
**Doris White**

Case No.: **18-19773**
Judge:

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original
☐ Motions Included

☒ Modified/Notice Required
☐ Modified/No Notice Required

Date:

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☒ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney _____    Initial Debtor: **L W**    Initial Co-Debtor **D W**

## Part 1: Payment and Length of Plan

a. The debtor shall pay **900.00 Monthly*** to the Chapter 13 Trustee, starting on **August 1, 2020** for approximately **84** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection          **X NONE**

a. Adequate protection payments will be made in the amount of $\_\_\_\_ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to \_\_\_\_ (creditor).

b. Adequate protection payments will be made in the amount of $\_\_\_\_ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: \_\_\_\_ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Kevin Fayette, Esquire KF1039** | **Attorney Fees** | **2,500.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

**Part 4: Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Loan Care | 116 Honeysuckle Drive Trenton, NJ 08638 Mercer County 275,000.00 -10% cost of sale | 60,656.70 | 0.00 | 60,656.70 | 2,503.01 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| **Loan Care** | **116 Honeysuckle Drive Trenton, NJ 08638  Mercer County 275,000.00 -10% cost of sale** | **67,077.00** | **247,500.00** | **Mortgage Loan Care - 336,129.00** | **No value** | **N/A** | **0.00** |

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ■ **NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** □ **NONE**

    The following secured claims are unaffected by the Plan:

Creditor
**Santander Bank, N.A.**
**Wells Fargo Bank, Home Equity Group**

**g. Secured Claims to be Paid in Full Through the Plan** ■ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims    ☐ NONE

    a. **Not separately classified**  allowed non-priority unsecured claims shall be paid:

    ☐    Not less than $____ to be distributed *pro rata*

    ☐    Not less than ___ percent

    ■    *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

## Part 7: Motions   ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **Loan Care** | **116 Honeysuckle Drive Trenton, NJ 08638 Mercer County 275,000.00 -10% cost of sale** | **67,077.00** | **247,500.00** | **Mortgage Loan Care - 336,129.00** | **-88,629.00** | **67,077.00** |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ■ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification  ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **May 14, 2018**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor's self-employed income decreased due to COVID-19 pandemic. Debtor's have lowered their income and expense pages in order to try and complete their plan if approved for additional two years.** | **Trying to extend the plan by two (2) years in order to complete the case due to the impact from COVID-19.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☐ NONE
■ Explain here:
***This plan is a step plan or has lumpsum payments as follows: $900.00 per month for 26 months, then $970.00 per month for 58 months**

Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **July 31, 2020**                 /s/ **Lincoln White**
                                         **Lincoln White**
                                         Debtor

Date: **July 31, 2020**                 /s/ **Doris White**
                                         **Doris White**

6

Joint Debtor

| Date | July 31, 2020 | /s/ Kevin Fayette, Esquire KF1039 |

**Kevin Fayette, Esquire KF1039**
Attorney for the Debtor(s)

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

```
                          United States Bankruptcy Court
                              District of New Jersey
In re:                                                     Case No. 18-19773-CMG
Lincoln White                                              Chapter 13
Doris White
         Debtors                 CERTIFICATE OF NOTICE
District/off: 0312-3         User: admin              Page 1 of 2              Date Rcvd: Aug 03, 2020
                             Form ID: pdf901          Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 05, 2020.
db/jdb         +Lincoln White,    Doris White,    116 Honeysuckle Drive,    Trenton, NJ 08638-1841
cr             +CIT BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
cr             +CIT BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    1617 JFK Boulevard,    Suite 1400,
                 Philadelphia, PA 19103-1814
cr             +DOVENMUEHLE MORTGAGE, INC.,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
cr             +LOANCARE, LLC, AS SERVICER FOR CIT BANK, N.A.,    Phelan Hallinan & Schmieg, PC,
                 1617 JFK Boulevard,    Suite 1400,    Philadelphia, PA 19103-1814
cr             +Loan Care, LLC,    3637 Sentara Way,    Virginia Beach, VA 23452-4262
cr             +SANTANDER BANK, N.A.,    SANTANDER BANK, N.A.,,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
cr             +SANTANDER BANK, NA,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
517528973     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court: Bank of America,      PO Box 15019,    Wilmington, DE 19886-5019)
517639495      +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
517849355      +CIT BANK, N.A.,    LOANCARE, LLC,    3637 SENTARA WAY,    VIRGINIA BEACH VA 23452-4262
517528974      +CIT Bank,N.A.,    PO Box 9013,    Addison, TX 75001-9013
517528982     ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
                (address filed with court: Sears,      PO BOX 78051,    Phoenix, AZ 85062)
517528976      +Home Depot,    PO Box 9001010,    Louisville, KY 40290-1010
517528977      +Loan Care,    PO Box 8068,    Virginia Beach, VA 23450-8068
517528978      +Loan Care,    ATTN: Collections Department,    PO Box 8068,    Virginia Beach, VA 23450-8068
517528979      +Parker McCay,    9000 Midlantic Drive, Suite 300,    PO Box 5054,    Mount Laurel, NJ 08054-5054
517528980      +Parker McCay, P.A.,    9000 Midlantic Drive, Suite 300,    PO Box 5054,
                 Mount Laurel, NJ 08054-5054
517746132      +SANTANDER BANK, N.A.,    SANTANDER BANK, N.A.,    1 CORPORATE DRIVE SUITE 360,
                 LAKE ZURICH, IL 60047-8945
517657745      +SANTANDER BANK, NA,    1 Corporate Drive, Ste. 360,    Lake Zurich, IL 60047-8945
517528981      +Santander Bank, N.A.,    Mail Code 10-6438-MA4,    601 Penn Street,    Reading, PA 19601-3563
517528984       Wells Fargo Bank, Home Equity Group,    1 home Campus X2303-01A,    Des Moines, IA 50328-0001
517564323       Wells Fargo Bank, N.A. Default Processing,    1000 Blue Gentian Road N9286-01Y,
                 Eagan, MN 55121-7700

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 04 2020 00:29:03       U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 04 2020 00:29:00       United States Trustee,
                 Office of the United States Trustee,     1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517528975      +E-mail/Text: mrdiscen@discover.com Aug 04 2020 00:27:24       Discover,    PO Box 71084,
                 Charlotte, NC 28272-1084
517641144       E-mail/PDF: resurgentbknotifications@resurgent.com Aug 04 2020 00:34:56
                 LVNV Funding, LLC its successors and assigns as,      assignee of Citibank, N.A.,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517656660       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 04 2020 00:35:26
                 Portfolio Recovery Associates, LLC,      c/o Sears Gold Mastercard,    POB 41067,
                 Norfolk VA 23541
                                                                                               TOTAL: 5

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517528983       Wachovia
                                                                                TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 05, 2020                          Signature:  /s/Joseph Speetjens

```
District/off: 0312-3              User: admin                  Page 2 of 2                  Date Rcvd: Aug 03, 2020
                                  Form ID: pdf901              Total Noticed: 28
```

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 31, 2020 at the address(es) listed below:
          Albert   Russo     on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert   Russo    docs@russotrustee.com
          Andrew L. Spivack    on behalf of Creditor    CIT BANK, N.A. nj.bkecf@fedphe.com
          Andrew L. Spivack    on behalf of Creditor    SANTANDER BANK, N.A. nj.bkecf@fedphe.com
          Andrew L. Spivack    on behalf of Creditor    Loan Care, LLC nj.bkecf@fedphe.com
          Brian E Caine    on behalf of Creditor    CIT Bank, N.A. bcaine@parkermccay.com,
           BKcourtnotices@parkermccay.com
          Craig Scott Keiser     on behalf of Creditor     SANTANDER BANK, N.A. craig.keiser@law.njoag.gov
          Denise E. Carlon     on behalf of Creditor    Tiki Series IV Trust dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Kevin C. Fayette    on behalf of Debtor Lincoln  White kfayette@kevinfayette.com
          Kevin C. Fayette    on behalf of Joint Debtor Doris  White kfayette@kevinfayette.com
          Kevin Gordon McDonald     on behalf of Creditor    MTGLQ Investors, LP kmcdonald@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Nicholas V. Rogers     on behalf of Creditor    LOANCARE, LLC, AS SERVICER FOR CIT BANK, N.A.
           nj.bkecf@fedphe.com
          Nicholas V. Rogers     on behalf of Creditor    DOVENMUEHLE MORTGAGE, INC. nj.bkecf@fedphe.com
          Nicholas V. Rogers     on behalf of Creditor    SANTANDER BANK, N.A. nj.bkecf@fedphe.com
          Robert   Davidow     on behalf of Creditor    CIT BANK, N.A. nj.bkecf@fedphe.com
          Robert   Davidow     on behalf of Creditor    SANTANDER BANK, N.A. nj.bkecf@fedphe.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 17
```